**STATE of Missouri, Respondent,**

v.

**Terrance HOBBY, Appellant.**

**No. WD 36102.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied April 15, 1986.

David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., and KENNEDY and BERREY, JJ.

CLARK, Chief Judge.

Appellant was convicted, following a jury trial, of the offenses of burglary in the first degree and stealing $150.00 or more and was sentenced to terms or 25 years and 15 years. In two points of error raised in this appeal, he contends the trial court erred in overruling his objections to voir dire questions asked by the state and in failing to grant his request for a mistrial because of prejudicial comments in the state's closing jury argument. Neither point involves the sufficiency of the evidence which need not be recounted for purposes of this opinion.

The first point on this appeal centers on the questions put to the jury venire by the prosecuting attorney regarding an anticipated state's witness, one Michael Merritt. As the evidence later developed, Merritt was appellant's accomplice in the burglary and testified for the state in appellant's trial. On voir dire, the prosecutor informed the venire that a plea bargain had been arranged with Merritt in exchange for his testimony and the details of Merritt's expected sentence were described. The prosecutor also told the panel that Merritt had "a very bad reputation", that he was a burglar and had felony convictions. The final question to the venire was as follows:

"Now, not to be verbose, but just to try to put it all into prospective (sic) is there anyone here with a combination of both the fact that we've made an agreement for his testimony and the fact that he has felony convictions cause you to disbelieve anything he has to say before he ever testifies?"

Because of the affirmative answers to this and related questions, thirteen veniremen were stricken for cause.

Appellant does not challenge the court's decision to excuse the veniremen who were stricken. His point asserts that the state's line of questioning during voir dire was improper because it "indoctrinated the jurors" as to the details of the plea agreement with Merritt and his record of convictions and asked the panel members to pre-judge the evidence and commit themselves to an opinion in advance of trial.

Whether an individual juror is fair and impartial, or biased and prejudiced, turns, on final analysis, upon an individual juror's state of mind. *Voir dire* has evolved as the most practical method for probing the minds of the prospective jurors to ascertain those who are fair and impartial and those who are biased and prejudiced. Ultimately, any objective basis for determining a juror's state of mind must turn on the verity of the veniremen's answers. *State v. Reed,* 629 S.W.2d 424, 426 (Mo.App.1981).

Control of the nature and scope of questions on *voir dire* examination of veniremen is lodged in the discretion of the trial court, and an appellate court will interfere with the exercise of that discretion only when the record shows a manifest abuse of that discretion and a real probability of injury to the complaining party. *State v. Reed, supra; State v. Ball,* 622 S.W.2d 285 (Mo.App.1981).

█ It is well established that it is not permissible to ask questions of prospective jurors which ask them to speculate and commit themselves to a course of action depending upon certain contingencies which may subsequently occur or arise during trial. *State v. Reed, supra, State v. Neal,* 591 S.W.2d 178 (Mo.App.1979); *State v. Ward,* 569 S.W.2d 341 (Mo.App.1978). However, counsel may probe the veniremen to determine preconceived prejudices that would preclude them from following the instructions in the case. *State v. Neal, supra, State v. Ward, supra.*

The questions posed by the prosecutor on voir dire in this case did not purport to commit members of the jury panel to an advance decision, as appellant contends. Instead, the questions explored the legitimate interest the state had in determining whether any prospective jurors would be so prejudiced against the witness Merritt because of his criminal record that they would not fairly and impartially consider his testimony when offered.

This case bears a marked similarity to *State v. Roseman,* 583 S.W.2d 232 (Mo. App.1979) in which the question asked of the venire went to prejudice against two state's witnesses who, although guilty of criminal acts, were not charged as a means for obtaining their testimony. The prosecutor inquired whether those facts would prevent any member of the venire from fairly and impartially considering the evidence and deciding whether the defendant was innocent or guilty. The opinion held that the state was entitled to discover whether any panel member harbored any prejudice against these witnesses because of the circumstances described.

■■■ In the present case, the question put by the prosecutor was not framed in the exact language used by the prosecutor in *Roseman,* a point stressed by appellant, but the substance of the inquiry was the same. The state was entitled to know if any prospective juror, in advance of hearing the evidence, harbored a belief that a witness such as Merritt should automatically be disbelieved because of his felony record and the plea bargain made in exchange for his testimony. The answers made by several members of the venire demonstrated their inability to consider the evidence fairly and impartially and they were properly stricken from the panel for cause.

The second point presented by appellant relates to the following comment made to the jury by the prosecutor in closing argument:

"[I]t is the State of Missouri that brings this case. And why is that? Because every time a member of this community is victimized, we all suffer. So just because on this occasion the target was the Patterson home, it could have been someone else's home, someone here and close to all of us, and the law makes us all—"

Appellant objected to the argument at this point and requested a mistrial. The trial judge sustained the objection, instructed the jury to disregard the comment, but declined to grant a mistrial. Appellant now claims the court erred in failing to declare a mistrial.

■■ A trial court has considerable discretion in the control of closing argument, and its rulings will be reversed only for abuse of that discretion where the argument is plainly unwarranted and the defendant can establish that the argument had a prejudicial effect upon the jury's determination. *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App.1983); *State v. Newlon,* 627 S.W.2d 606, 612 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982); *State v. Olds,* 603 S.W.2d 501, 511 (Mo. banc 1980). It has, however, been long established that a prosecutor may comment on the prevalence of crime, the necessity for law enforcement as a deterrent to crime and the evil results which might befall society when a jury fails to perform its duty, *State v. Hubbard, supra; State v. Newlon, supra; State v. Olds, supra; State v. Pruitt,* 479 S.W.2d 785, 790 (Mo. banc 1972).

■■ Despite the appellant's contention, the state's argument did not exceed the bounds of permissible closing argument. The statement made by the assistant prosecutor was, when taken in context, merely a plea to the jury regarding the importance of law enforcement. Nothing in the statement rose to the level of creating personal fear in the minds of the jurors apart from normal apprehension as to the consequences if criminal activity is not controlled. Appellant's objection to the argument could well have been overruled. It necessarily follows that it was not error for the trial judge to deny a mistrial.

The judgment is affirmed.

All concur.