**STATE of Missouri, Respondent,**

v.

**Michael A. NEWMAN, Appellant.**

**No. WD 68435.**

Missouri Court of Appeals,
Western District.

July 1, 2008.

Craig Allan Johnston, Columbia, MO, for Appellant.

Shaun J. Mackelprang and Evan J. Buchheim, Jefferson City, MO, for Respondent.

Before: JOSEPH E. ELLIS, P.J., LISA W. HARDWICK and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Michael Newman appeals his conviction for first degree statutory rape. In his first point on appeal, Mr. Newman claims the trial court erred in admitting three photographs. In his second point on appeal, Mr. Newman claims he was denied his constitutional right to a speedy trial. The points are denied, and the judgment of conviction is affirmed.

## Facts

M.B. (Mother) lived with her boyfriend Michael Newman at various times from 1995 to October 1999. Mother has three daughters and one son, including: (1) R.B. (Daughter–1), a daughter born March 1987; (2) K.B. (Daughter–2), a daughter born February 1988; and (3) J.B. (Daugh-

ter–3), a daughter born June 1990. In October 1999, Daughter–1 told her school guidance counselor that Mr. Newman had been sexually abusing her. Upon questioning, Daughter–2 and Daughter–3 also alleged sexual abuse.

On May 1, 2001, a felony complaint was filed charging Mr. Newman with statutory rape and statutory sodomy. On August 30, 2001, information was filed charging Mr. Newman with four counts of statutory rape of Daughter–1, one count of statutory rape of Daughter–3, and one count of statutory sodomy of Daughter–2. Arraignment was held on September 19, 2001, and Mr. Newman pled not guilty.

On March 6, 2007, Mr. Newman filed a motion to dismiss asserting that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. The trial court denied the motion to dismiss.

A jury trial was held on March 6, 2007. Daughter–1 testified that Mr. Newman began sexually abusing her when she was eight years old. During Mother's testimony, the prosecutor had her identify three school photographs of her three daughters. Mr. Newman objected that the photographs were not relevant but were being offered for undue emotional appeal. The trial court overruled the objection and allowed the photographs into evidence.

Mr. Newman was found guilty of the first degree statutory rape count pertaining to Daughter–1, but the jury was unable to reach a verdict as to the counts pertaining to Daughter–2 and Daughter–3.[1] The jury recommended a sentence of life imprisonment.

Mr. Newman filed a motion for new trial alleging, *inter alia*, that the trial court erred in admitting the school photographs of the three girls. It also alleged the trial court erred in denying his motion to dismiss.

On May 16, 2007, the trial court denied Mr. Newman's motion for new trial and sentenced him to life imprisonment. This timely appeal followed. Additional facts will be set forth as necessary.

## Point I

In his first point on appeal, Mr. Newman claims the trial court erred in admitting a school photograph of Daughter–1 at about age nine or ten. He claims the photograph was irrelevant because its prejudicial effect outweighed its probative value and that it was calculated to unduly arouse the sympathies and emotions of the jury. Mr. Newman states that what Daughter–1 looked like near the time of the charged crime was not relevant during the guilt phase as it did not tend to prove or disprove any elements of the charged offense. He claims the photograph is not relevant because there was testimony pertaining to Daughter–1's age and, thus, her age was established through other evidence. The point is denied.

"A trial court has broad discretion in the admission of photographs, and its decision will not be overturned absent an abuse of discretion." *State v. Johnson*, 244 S.W.3d 144, 161 (Mo. banc 2008). "A trial court abuses its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Davis*, 107

---

1. Mr. Newman was convicted of first degree statutory rape of Daughter–1. No verdict was returned as to Daughter–2 and Daughter–3. Thus, the facts pertaining to Daughter–2 and Daughter–3 are not pertinent and will not be discussed. This is the same approach taken by Mr. Newman in his brief.

S.W.3d 410, 422 (Mo.App. W.D.2003) (quote marks and citation omitted). "Photographs are admissible if they accurately and fairly represent what they purport to depict and tend to prove or disprove any elements of the charged offense." *State v. Jaco,* 156 S.W.3d 775, 778 (Mo. banc 2005). "A relevant photograph should not be excluded from evidence unless its prejudicial effect is greater than its probative value." *State v. Rios,* 234 S.W.3d 412, 427 (Mo. App. W.D.2007) (quote marks and citation omitted). "A photograph is not inadmissible just because other evidence described what is shown in the photograph." *Johnson,* 244 S.W.3d at 161.

The State alleged that Mr. Newman's sexual activity began with Daughter–1 when she was eight years old and ended when she was eleven years old. To convict Mr. Newman of first degree statutory rape or first degree statutory sodomy and subject him to the enhanced minimum sentence of ten years imprisonment, the State needed to prove that Daughter–1 was less than twelve years old. §§ 566.032, 566.062, RSMo 2000. The verdict directors given to the jury in this case required it to find that Daughter–1 was less than twelve years old when Mr. Newman had either sexual intercourse or deviate sexual intercourse with her. At the time of trial, Daughter–1 was almost twenty years old.

The photograph at issue is a school photograph. It is not graphic, gruesome, or otherwise offensive. *See, e.g., State v. Floyd,* 360 S.W.2d 630, 633 (Mo.1962). The photograph tended to show that Daughter–1 was less than twelve years old when the events in question occurred. It corroborated Mother's testimony and birth certificate records regarding Daughter–1's birthdate. The photograph was helpful to the jury since Daughter–1 was several years older at the time of trial and had matured in appearance since the events in question occurred.

The school picture of Daughter–1 was relevant to establish her age at the time of the alleged statutory rape. *See State v. Reynolds,* 837 S.W.2d 542, 546 (Mo.App. W.D.1992) (upholding the admission of a high school graduation photo because it was relevant as identification of the victim even though the defendant was willing to stipulate to the victim's identity). Mr. Newman's argument that Daughter–1's age was established through other evidence is without merit. "A photograph will not be found inadmissible because a defendant is willing to stipulate to some of the issues involved or because other evidence could have described what is depicted in the photo." *Id.* The trial court did not abuse its discretion in allowing the photograph to be admitted as evidence.

The point is denied.

### Point II

■ In his second point on appeal, Mr. Newman claims the trial court erred in denying his motion to dismiss. He claims this deprived him of his right to a speedy trial as guaranteed by the United States and Missouri Constitutions. He was arrested in May 2001, but trial was not held until March 2007. Mr. Newman asserts: (1) the delay was due to neglect, inertia, and failure to actively move the case forward; (2) prejudice should be presumed because of the inordinate delay; and (3) he suffered prejudice from the delay because some of his potential witnesses were no longer available to testify, depriving him of an opportunity to fully prepare and defend himself.

■ "The United States and Missouri Constitutions provide equivalent protection for a defendant's right to a speedy trial." *State ex rel. McKee v. Riley,* 240 S.W.3d

720, 729 (Mo. banc 2007). "The right to a speedy trial guarantees to a criminal defendant that the state will move fast enough to assure the defendant of the early and proper disposition of the charges against him." *State v. Bell*, 66 S.W.3d 157, 164 (Mo.App. S.D.2001) (quote marks and citation omitted). "[T]he speedy trial right exists primarily to protect an individual's liberty interest, to minimize the possibility of lengthy incarceration prior to trial ... and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *McKee*, 240 S.W.3d at 728 (quote marks and citation omitted). "Orderly expedition of the case, and not mere speed, is the essential requirement behind a speedy trial." *Bell*, 66 S.W.3d at 164. "To assess whether the constitutional right to a speedy trial has been respected or denied, the Court must balance four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *McKee*, 240 S.W.3d at 729.

The first factor is the length of the delay. "Until there is some delay that is presumptively prejudicial, [reviewing authority] need not inquire into the other three factors used to determine if the defendant has been deprived of his right to a speedy trial." *State v. Buchli*, 152 S.W.3d 289, 307 (Mo.App. W.D.2004) (quote marks and citation omitted). "[T]he delay attributable to the defendant's continuances, motion or other actions must be first subtracted from the total delay." *Id.* at 308 (quote marks and citation omitted). "Missouri courts have held that delays longer than eight months are presumptively prejudicial to the defendant." *McKee*, 240 S.W.3d at 729. Mr. Newman was arrested

and a complaint was filed in May 2001. His case went to trial in March 2007. This delay is presumptively prejudicial.

The second factor is the reason for the delay. Reviewing authority determines whether the trial court could have reasonably decided the delay was or was not justified. "Different weight is given to different justifications." *State v. Fleer*, 851 S.W.2d 582, 596 (Mo.App. E.D.1993). "A deliberate attempt to delay the trial in order to hamper the defense should be weighted against the government." *Id.* "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* "Finally, a valid reason, such as a missing witness, should serve to justify the delay." *Id.*

Because speedy trial issues are so factually dependent, the following time line is relevant to this issue: [2]

- May 1, 2001—felony complaint filed
- August 16, 2001—preliminary hearing; case bound over
- August 30, 2001—information filed
- September 19, 2001—arraignment held
- October 9, 2001—case set for trial on February 26–March 1, 2002, Div. 1
- October 17, 2001—Mr. Newman files change of judge
- December 12, 2001—change of judge granted
- January 10, 2002—case was set for trial on May 6–9, 2002 in Div. 2
- March 13, 2002—Mr. Newman fails to appear and bond ordered forfeited

---

**2.** The record indicates that the trial judge assigned to Mr. Newman's case became ill and subsequently died. His successor simi-

larly became ill and subsequently died. Mr. Newman's case was heard by a third trial judge.

- March 20, 2002—trial court reinstated bond and case to proceed to trial
- May 7, 2002—case ordered continued by agreement
- May 7, 2002—case set for trial on November 4 to 8, 2002
- October 31, 2002—Mr. Newman's motion for continuance because of resignation by defense counsel from public defender's office
- November 4, 2002—case continued by agreement
- December 5, 2002—case reset for trial on May 27 to 30, 2003, in Div. 1
- April 14, 2003—rescheduled for trial on Sept. 2–5, 2003, because Div. 1 disqualified
- August 20, 2003—State files for the appointment of special prosecutor
- September 2, 2003—defense counsel files a motion to withdraw because Mr. Newman's salary for 2002 was about $400.00 per week, and his total salary for July and August of 2003 was about $1,900.00
- September 2, 2003—trial court sustains motion for special prosecutor and defense counsel's motion to withdraw; Mr. Newman says will hire private counsel, and ordered to appear on October 15, 2003
- October 9, 2003—case set for trial on February 2–4, 2004 in Div. I
- October 15, 2003—Mr. Newman appears without counsel
- October 15, 2003—trial to be reset in Div. 2 because Div. 1 disqualified
- October 28, 2003—case set for jury trial on March 16–19, 2004 in Div. 2
- November 12, 2003—Mr. Newman appears without counsel
- December 8, 2003—Mr. Newman appears without counsel

- December 23, 2003—Mr. Newman sent letter stating denied for public defender services because he posted a $10,000 bond
- January 2, 2004—amended information filed
- January 14, 2004—Mr. Newman appears without counsel
- February 9, 2004—Mr. Newman appears without counsel
- March 16, 2004—Mr. Newman appears without counsel; public defender reappointed
- March 24, 2004—case set for jury trial on May 24–28, 2004, in Div. 1
- April 12, 2004—case reset for trial on June 8–11, 2004, in Div. 2
- May 6, 10 2004—defense counsel files for continuance because engaged in another jury trial
- May 12, 2004—motion for continuance sustained
- May 26, 2004—case set for jury trial on July 19–23, 2004, in Div. 1
- July 1, 2004—case reset for trial on February 28–March 3, 2005, Div. 2
- August 5, 2004—case was reset for trial on March 7–11, 2005 in Div. 2
- February 16, 2005—by agreement, case to be reset for different trial date
- March 16, 2005—case reset for trial on November 30–December 2, 2005
- November 10, 2005—prosecutor files for continuance because he is going on vacation
- November 16, 2005—State's motion for continuance sustained
- November 23, 2005—joint stipulation for continuance approved
- April 6, 2006—case set for trial on January 2, 2007, in Div. 2
- December 13, 2006—Mr. Newman fails to appear for pretrial hearing; *capias* warrant issued

- December 20, 2006—*capias* warrant served on Mr. Newman
- December 29, 2006—defense counsel files motion for continuance because counsel entered her appearance on November 21, 2006
- January 2, 2007—Division Director for Public Defender files motion to continue trial for 30 days or in the alternative to withdraw. Trial court finds that there had been four different prosecutors and at least four different defense attorneys involved in the case, that present defense counsel began her representation on November 27, 2006, and said she was not prepared for trial and only needed an additional 30 days to be prepared for trial. The trial court resets the case for trial on March 5 to 7, 2007. Due to a scheduling conflict, that date was later changed to March 6 to 7, 2007
- March 6, 2007—Mr. Newman files motion to dismiss based on denial of speedy trial
- March 6, 2007—trial court overrules motion to dismiss & jury trial held

Mr. Newman states in his brief that nothing exists in the record to suggest that the prosecuting attorney or trial court deliberately delayed trial in order to obtain a strategic advantage. He agrees there is no evidence that the State intended to hamper his defense. A portion of the delay is attributable to Mr. Newman. A portion is attributable to negligence and the court system. This factor weighs against the State, though not heavily.

 The third factor is the defendant's assertion of the right to speedy trial. "[T]he timely assertion of the right to speedy trial is a factor in determining whether the speedy trial right has been violated." *McKee*, 240 S.W.3d at 729. "In this context, the right is again different from other constitutional rights in that a delay may or may not work to the defendant's benefit." *State v. Nelson*, 719 S.W.2d 13, 19 (Mo.App. W.D.1986). "There is no fixed requirement for when the right must be asserted; rather, the circumstances surrounding the assertion or failure thereof comprise the factor to be weighed." *State v. Darnell*, 858 S.W.2d 739, 745 (Mo.App. W.D.1993) (quote marks and citation omitted). Waiting several months to assert the right to a speedy trial has been found to weigh against a defendant. *See Bell*, 66 S.W.3d at 165; *Fleer*, 851 S.W.2d at 597 (holding that a delay of sixteen months in asserting the right to a speedy trial weighed against the defendant, though not heavily). "Although [a] defendant has no duty to bring himself to trial, ... failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *McKee*, 240 S.W.3d at 729 (quote marks and citation omitted).

Mr. Newman did not assert the right to a speedy trial. Instead, he asserted the delay as the basis for his motion to dismiss, which was filed on the day of trial in March 2007. *See, e.g., Nelson*, 719 S.W.2d at 19 (noting that the defendant filed a motion to dismiss, which was an attempt to avoid trial as opposed to an attempt to obtain a speedy trial). This factor weights against Mr. Newman.

 The fourth factor is prejudice to the defendant. "Missouri courts have considered this the most important factor of the four." *Bell*, 66 S.W.3d at 165. "Analysis of this factor is based on three components: (1) prevention of oppressive pretrial imprisonment; (2) minimization of the defendant's anxiety and concern; and (3) limitation of the possible impairment of the defense." *Id.* (quote marks and citation omitted). "The last of the three components is considered most vital to the

analysis." *Id.* "Any claimed prejudice resulting from delay must be actual and apparent on the record or by reasonable inference." *State v. Weeks,* 982 S.W.2d 825, 836 (Mo.App. S.D.1998). "Speculative or possible prejudice is not sufficient." *Id.* "Further, [t]he failure to present evidence of actual prejudice weighs heavily in favor of the government." *State v. Perry,* 954 S.W.2d 554, 566 (Mo.App. S.D.1997) (quote marks and citation omitted).

The first component is prevention of oppressive pretrial imprisonment. Mr. Newman contends that he was incarcerated at various times for a total of two years. He relies upon allegations contained in his motion to dismiss for this contention. The record does not support this assertion. According to the docket sheets, Mr. Newman was in jail for approximately six weeks after his arrest, and he was released on bond on June 20, 2001. His bond was revoked in March 2002 when he failed to appear, but it was reinstated a week later. In some of his continuance motions, Mr. Newman advanced as an argument in favor of a continuance that he was out on bond. The record simply does not support the allegation that Mr. Newman spent two years in jail awaiting trial.[3] Thus, the delay did not cause oppressive pretrial imprisonment. To the contrary, it allowed Mr. Newman several additional years of freedom before the life sentence was imposed.

The second component is minimization of the defendant's anxiety and concern. "Undoubtedly, anxiety and concern exist in every criminal case. That alone, however, does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." *Fleer,* 851 S.W.2d at 597.

The third component is limitation of the possible impairment of the defense. Mr. Newman claims that, given the six year delay in bringing him to trial, prejudice should be presumed and this factor should weigh against the State. He cites *Doggett v. U.S.,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), for this position. In *Doggett,* the government claimed that the defendant "failed to make any affirmative showing that the delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence." *Id.* at 655, 112 S.Ct. 2686. In response, the court stated: "[T]he Government's argument takes it only so far: consideration of prejudice is not limited to the specifically demonstrable, and, ... affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Id.* "[I]mpairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown." *Id.* (quote marks and citation omitted). The court surmised: "Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.* It further stated, though: "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other ... criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." *Id.* at 655–56, 112 S.Ct. 2686 (citation omitted). Finally, the court stated: "[I]f the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim

---

**3.** The State argued in its respondent's brief that Mr. Newman's claim that he was incarcerated for two years was incorrect. It advocated the timeline set out in this opinion. Mr. Newman failed to file a reply brief. The record supports the State's assertion.

would fail. Indeed, that conclusion would generally follow as a matter of course however great the delay, so long as Doggett could not show specific prejudice to his defense." *Id.* at 656, 112 S.Ct. 2686.

Mr. Newman notes he was represented by about eight different attorneys and states that the delay "undoubtedly hampered defense counsel's efforts in the location of defense witnesses, as well as created the problem of important testimony being lost to current counsel as a result of fading memories." He states that prior defense counsel made a notation concerning a first name and general location of a witness who could offer testimony about the girls' credibility that would directly counter the things Mr. Newman anticipated the girls would testify about concerning how he treated them. Mr. Newman asserts that the prior counsel's notes were not sufficient so as to permit his current counsel to identify the witnesses. He further claims his prior counsel could not recall the identities of the potential witnesses.

Mr. Newman also states that his parents were in a nursing facility and were unable to testify due to their advanced medical conditions and medications. He asserts that there would have been testimony offered that his mother "may have witnessed or come upon some of these events taking place." He asserts the unavailability of his mother's testimony hampered his defense. Mr. Newman observes that the State admitted during the hearing on the motion to dismiss that "there have been problems borne out of the fact of the passage of so much time."

Mr. Newman offers no specific details on what testimony his mostly unidentified witnesses would provide other than a general statement that the testimony would relate to the girls' credibility. In his January 2007 motion for continuance, Appellant alleged that the trial should be continued because he needed more time to make arrangements to present his parents' testimony at trial. It appears their testimony was viable in January 2007; the trial was held in March 2007, three months later. Mr. Newman has failed to demonstrate any prejudice resulting from the delay. *See Darnell,* 858 S.W.2d at 745–746 (finding insufficient prejudice in a defendant's claim that the delay in trial prevented her from keeping track of a witness where the defendant failed to demonstrate how she was prevented from doing so).

A review of the four factors to be considered demonstrates that Mr. Newman was not denied his constitutional right to a speedy trial. Although the first factor, the length of delay in this case, may be presumptively prejudicial, the presumption is overcome by the other factors analyzed in this case. *See id.* The reason for the delay, the second factor, weighs against the State, though not heavily. Mr. Newman failed to assert his right to a speedy trial, thus the third factor weighs against him. The fourth and most important factor, prejudice, weighs against Mr. Newman.

The point is denied.

### Conclusion

The trial court did not err in admitting school photographs of the three girls. Mr. Newman was not denied his constitutional right to a speedy trial. His points are denied, and the judgment of conviction is affirmed.

ELLIS, P.J. and HARDWICK, J., concur.