## Donald K. GIAMMANCO, Appellant,

v.

## STATE of Missouri, Respondent.

### No. ED 99209.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 31, 2013.

834

Jessica Hathaway, Assistant Public Defender, St. Louis, MO, for appellant.

Richard Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Donald Giammanco (Movant) appeals from the judgment of the Circuit Court of St. Louis County denying his Rule 29.15

motion. Movant asserts the motion court clearly erred in denying without an evidentiary hearing his claims that trial counsel [1] provided ineffective assistance by failing to file motions to dismiss the case based on violations of Movant's right to a speedy trial and right to be free from double jeopardy. Movant also contends the motion court clearly erred in denying without an evidentiary hearing his claim that he received ineffective assistance based on trial counsels' alleged conflict of interest. We affirm.

### Factual and Procedural Background

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: Between February 1, 2008 and September 18, 2008, Defendant entered seven banks in St. Louis County and handed the tellers an envelope and a note instructing the tellers to remove the money from the top and bottom cash drawers, place the money and note in the envelope, and exclude bait money, dye packs, or tracking devices. The notes also variously warned the tellers to comply with Movant's demands so that "no one would get hurt," everyone would "go home safe," or everyone would "get out alive." After handing the tellers the envelope and note, Movant placed and maintained his right hand inside of his jacket or jacket pocket, leading the tellers to believe that he was armed with a dangerous weapon. After filling the envelopes with money, the tellers returned the envelopes to Movant, and Movant exited the banks.

Police officers arrested Movant on September 18, 2008, shortly after he robbed the Commerce Bank at 487 Old Smizer Mill Road. On that day, Justin Nicholas, a

1. Two attorneys represented Movant in the trial court proceedings. It appears from the transcript that a third attorney, who was involved earlier in Movant's case, filed a motion to withdraw on June 17, 2009. After ensuring that Movant had trial counsel, the trial court granted that attorney's motion to withdraw on April 9, 2010.

teller, read Movant's note and placed approximately $12,000 in Movant's envelope, along with bait money and an electronic tracker. Patrick Higgins, a bank manager who observed the exchange and recognized Movant from news coverage of the related bank robberies, followed Movant out of the bank, recorded his license plate number, and provided the information to the police. Within minutes, police officers stopped and arrested Movant and seized from Movant's vehicle a white envelope containing U.S. currency, bait money, and a tracking device; a note demanding money; and Movant's jacket. Approximately thirty minutes later, Mr. Nicholas identified Movant as the man who presented him the note and took the money from the bank.

A St. Louis County police officer transported Movant to police headquarters in Clayton, where police officers from various municipalities and an FBI agent interviewed Movant. Movant admitted to robbing seven banks in St. Louis County.[2]

On October 22, 2008, the State filed an indictment charging Movant with four counts of first-degree robbery.[3] Defense counsel entered an appearance on October 29, 2008, and on November 12, the trial court continued the matter to February 6, 2009 "by consent, pending federal case." On February 11, 2009, the trial court again continued the case "pending outcome of federal case." On April 17, 2009, the trial

court continued the case until July 17, 2009 for a plea or selection of a trial date.

On June 5, 2009, Movant pleaded guilty in the U.S. District Court, Eastern District of Missouri, to twelve counts of bank robbery, which included the seven offenses at issue in the instant case. On July 17, 2009, the trial court continued the case to August 14, 2009,[4] on which date the court scheduled trial for December 14, 2009. On November 17, 2009, the trial court informed the parties that, due to the court's scheduling conflict, it was continuing the case and resetting the trial date "pending case reassignment to another division." The following day, the case was reassigned and, on December 11, 2009, the trial court held a pre-trial conference and set the case for trial on August 9, 2010.

On January 11, 2010, Movant filed a pro se motion for speedy trial.[5] At a pre-trial conference on April 23, 2010, the trial court ordered: "Cause remains set for trial 8–9–10." Movant filed a pro se request for dismissal of cause for violation of double jeopardy on June 4, 2010.

In a pre-trial conference on August 9, 2010, the first day of trial, Movant moved to terminate counsel "for many reasons, conflict of interest, differences in strategy to proceed forward, lack of communication, lack of preparedness, and many other things. . . ." The trial court denied the motion on the grounds that it was untimely filed. Movant then moved for a continu-

---

2. Movant also admitted to robbing five banks in St. Charles County.

3. In August 2009, the State filed a superseding indictment charging Movant with three additional robberies.

4. In its findings of facts and conclusions of law, the motion court found that, on July 17, 2009, it continued the case to August 14, 2009 at Movant's request because Movant's federal sentencing was scheduled for August 13, 2009.

5. The docket sheet included in the record on appeal reflects the filing of Movant's pro se motion for a speedy trial, but the motion itself does not appear in the record. The docket sheet also states that Movant filed a "pro se motion to dismiss the indictment" on June 16, 2010, but does not indicate on what grounds Movant argued for a dismissal. This motion is similarly absent from the record on appeal.

ance, and the trial court denied the motion. Movant asserted that the defense needed time to depose witnesses, including the victim bank tellers and police officers and detectives who investigated the case, and alleged "I've asked [trial counsel] for this numerous times and they just say, no, I'm not going to do it." Trial counsel responded, "Judge, we haven't deposed witnesses because we didn't feel it was appropriate as far as our strategy in the case." The trial court then considered and denied Movant's pro se motion to dismiss based on violation of the right to speedy trial.

At trial, the State called as witnesses the seven victim bank tellers; Mr. Higgins, the manager from Commerce Bank on Old Smizer Mill Road; and six police officers and detectives involved in the investigation. Movant, defending on the theory that he did not commit first-degree robbery because he did not threaten to use a deadly weapon, testified on his own behalf. Movant admitted to entering the seven banks and demanding money, but he denied intending to create the impression that he possessed a dangerous weapon.

The jury found Movant guilty of seven counts of first-degree robbery. The trial court sentenced Movant to consecutive terms of ten years' imprisonment on counts one and seven, to run concurrently with fifteen-year-sentences on counts two through six and Movant's federal sentence of seventy-six months imprisonment, for a total sentence of twenty years' imprisonment. This court affirmed Movant's conviction and sentence. *State v. Giammanco*, 351 S.W.3d 247 (Mo.App.E.D.2011).

Movant filed a Rule 29.15 motion for post-conviction relief, which counsel later amended. The motion court found that the record refuted Movant's claims and denied the Rule 29.15 motion without an evidentiary hearing. Movant appeals.

## Standard of Review

Our review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. banc 2012). In making this determination, we presume that the motion court's findings are correct. *Id.* at 336–37.

## Discussion

A movant bears a heavy burden when attempting to show that counsel was ineffective. *State v. Powell* 798 S.W.2d 709, 717 (Mo. banc 1990). To prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant establishes prejudice by demonstrating that but for counsel's poor performance, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694, 104 S.Ct. 2052. A movant must satisfy both the performance prong and prejudice prong of the ineffective assistance of counsel test, and if a movant fails to satisfy one prong, we need not consider the other. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

To be entitled to an evidentiary hearing on a motion for post-conviction relief, a movant must show that: (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and (3) the

matters complained of resulted in prejudice to him. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). An evidentiary hearing will not be granted when the files and records of the case conclusively show that the movant is not entitled to relief. Mo. Sup. Court Rule 29.15(h).

### 1. Alleged Violation of the Right to a Speedy Trial

In his first point on appeal, Movant claims the motion court clearly erred in denying without a hearing his claim that trial counsel were ineffective in failing to move to dismiss the charges based on a violation of Movant's right to a speedy trial. More specifically, Movant contends that he was not responsible for the pretrial delay, he asserted his right to a speedy trial, and the delay prejudiced his case because he pleaded guilty to the federal charges prior to trial and the State used the guilty plea to refute Movant's defense. The State counters that the motion court properly denied Movant's claim without a hearing because Movant failed to plead facts not refuted by the record demonstrating a violation of his right to a speedy trial or that counsels' decision not to seek a speedy trial was not a matter of reasonable trial strategy.

■ "The right to a speedy trial guarantees to a criminal defendant that the State will move fast enough to assure the defendant of the early and proper disposition of the charges against him." *State v. Bell*, 66 S.W.3d 157, 164 (Mo.App.S.D. 2001). Deprivation of the right to a speedy trial is not considered *per se* prejudicial to a defendant. *Id.* When considering whether a defendant has been deprived of a right to a speedy trial, a court will consider the following four factors set forth by the United States Supreme Court

in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Myszka v. State*, 16 S.W.3d 652, 657 (Mo.App.W.D.2000).

■ To prevail on a claim of ineffective assistance of counsel based on counsel's failure to file a motion to dismiss for violation of the right to speedy trial, a movant must demonstrate that, had counsel filed such a motion, the trial court would have dismissed the case for failure to comply with speedy trial requirements. *See, e.g., id.* at 658; *Jarrett v. State*, 313 S.W.3d 172, 174 (Mo.App.S.D.2010). Based on our review, we conclude that the record refutes Movant's claim that "there is a reasonable probability that had trial counsel filed a motion for speedy trial and then further asserted [Movant's] speedy trial right, the trial court would have dismissed the charges." Although the parties agree that length of the delay, which was approximately twenty-two months, was presumptively prejudicial,[6] the remaining three *Barker* factors weigh against Movant.

■ While the docket sheet does not state which party requested the various continuances, the motion court found that the case "was continued from several court pre-trial conference settings to subsequent settings at the request of the defendant and/or by consent of both parties, pending the outcome of Movant's federal case." A motion court's recollection of events at trial may support the denial of a motion for post-conviction relief. *See, e.g., Zink v. State*, 278 S.W.3d 170, 185 (Mo. banc 2009). "[D]elay caused by a defendant is weighed heavily against him." *Myszka*, 16 S.W.3d at 658.

**6.** Missouri courts have found that a delay of more than eight months is presumptively prej-

udicial. *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo. banc 2010).

In regard to the timely assertion of his right to a speedy trial, "[w]aiting several months to assert the right to a speedy trial has been found to weigh against a defendant." *State v. Newman*, 256 S.W.3d 210, 216 (Mo.App.W.D.2008). Movant filed his pro se motion for speedy trial on January 11, 2010, more than fourteen months after his indictment. Furthermore, at the time he filed his motion for speedy trial, trial was scheduled for August 9, 2010, and the trial court commenced trial on that day.[7]

 "The final and most important factor to be considered in the balancing test is whether the delay actually prejudiced the defendant." *State v. Ferdinand*, 371 S.W.3d 844, 854 (Mo.App.W.D.2012) (quotation omitted). "To determine whether the defendant has suffered from prejudice that would warrant dismissal for violation of the defendant's right to a speedy trial, appellate courts consider the oppressiveness of pre-trial incarceration, whether it unduly heightened defendant's anxiety, and possible impairment of the defense." *State v. Scott*, 348 S.W.3d 788, 797 (Mo.App.S.D.2011) (internal quotation omitted). The last of the three considerations—impairment to the defense—is "most vital to the analysis." *Ferdinand*, 371 S.W.3d at 854. "Impairment to the defense may occur where defense witnesses become unavailable or are unable to recall accurately events of the distant past." *Scott*, 348 S.W.3d at 797 (*quoting Garcia*, 316 S.W.3d at 912).

In his Rule 29.15 motion, Movant alleged no "impairment" to his defense. Movant did not allege that witnesses disappeared, evidence was lost, or witnesses were unable to recall events due to the delay. *See, e.g., State v. Simino*, 397 S.W.3d 11, 23 (Mo.App.S.D.2013). Rather, Movant

claimed that his case was prejudiced because, while the state case was pending, Movant pleaded guilty to federal charges involving the same incidents and the State presented evidence of those guilty pleas at trial.

 Furthermore, the record refutes Movant's allegation that trial counsels' decision to delay the state proceedings until after resolution of the federal charges was not reasonable trial strategy. In its findings of facts and conclusions of law, the motion court found:

> Movant's counsel's strategy was to resolve the Federal Charges before the State Court charges, so that any sentences on the State Court charges could be run concurrently with the sentences imposed on the Federal charges. Trial counsel believed that if Movant was first sentenced on the State Court charges, the subsequent federal sentences would almost certainly be run consecutive to the State Court sentences. Therefore, trial counsel's trial strategy was to continue Movant's State Court case [ ] to be resolved after the Federal Court case was resolved.

 It is not ineffective assistance of counsel to make a reasonable strategic decision designed to benefit a defendant in the sentencing proceedings. *See, e.g., State v. Nunley*, 923 S.W.2d 911, 923 (Mo. banc 1996) (holding it was reasonable trial strategy for counsel to have determined that sentencing by the court was preferable to sentencing by a jury). Point denied.

*2. Alleged Violation of the Right to Be Free from Double Jeopardy*

 In his second point on appeal, Movant asserts the motion court clearly

---

7. We note that Movant requested a continuance on August 9, 2010, arguing that the defense was unprepared for trial. The trial court denied Movant's motion for a continuance.

erred in denying without an evidentiary hearing his claim that counsel was ineffective in failing to move for dismissal based on Movant's right to be free from double jeopardy. Movant contends that "reasonable counsel under the circumstances would have done so ... because the remedy would have precluded a conviction in state court after the federal conviction had been obtained." [8] In response, the State asserts that the trial court did not err in denying Movant's claim without an evidentiary hearing because "convictions in federal and state courts for different crimes based on the same criminal acts do not violate the Double Jeopardy Clause" and "counsel is not ineffective for failing to challenge existing law."

 The right to be free from double jeopardy, which derives from the Fifth Amendment and applies to the states through the Fourteenth Amendment, "protects defendants from a second prosecution for the same offense after acquittal or conviction and from multiple punishments for the same offense." *State v. Roach*, 391 S.W.3d 8, 9 (Mo.App.E.D.2012). "However, double jeopardy does not bar prosecution of the same offense by separate sovereign jurisdictions, such as the state and federal governments." *Id.* (quoting *State v. George*, 277 S.W.3d 805, 807 (Mo.App. W.D.2009)). Missouri adheres to the principle of dual sovereignty, established by the United States Supreme Court in *Abbate v. U.S.*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) and *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), which provides that "a conviction or acquittal in federal court will not prevent a subsequent conviction for the same offense in state court if the case is one over which both sovereigns have jurisdiction." *Id.*

 Movant acknowledged that, under Missouri law, double jeopardy does not prohibit convictions in federal and state court for crimes arising from the same conduct, but he argues that trial counsel should have filed a motion to dismiss challenging the doctrine of dual sovereignty. However, Movant did not allege that trial counsels' failure to file a motion to dismiss for violation of his right to be free from double jeopardy resulted in prejudice to him. The motion court found that, had trial counsel filed a motion to dismiss based on a double jeopardy violation, the trial court would have denied the motion pursuant to the doctrine of dual sovereignty. After reviewing the record, we conclude that the motion court's findings and conclusions are not clearly erroneous. A motion to dismiss, for the reasons stated above, would have been of no consequence, and "trial counsel is not ineffective for failing to do a meaningless act." *Harp v. State*, 209 S.W.3d 560, 564 (Mo.App.S.D. 2007). Point denied.

### 3. Alleged Conflict of Interest

In his final point on appeal, Movant claims the motion court clearly erred in denying without a hearing his claim that trial counsel were ineffective because they "were under a conflict of interest in this case because counsels' interest in spending the minimum amount of time on a case for which they were receiving no money conflicted with [Movant's] desire that his case be fully litigated and investigated...." The State counters that the trial court did

8. Movant also suggests in the argument portion of his brief that trial counsel were ineffective in failing to preserve for appeal the alleged double jeopardy violation. "Generally, the mere failure to preserve an issue on appeal is not a cognizable ground for relief for ineffective assistance of counsel on a postconviction motion." *McCauley v. State*, 380 S.W.3d 657, 662 (Mo.App.S.D.2012) (quoting *McLaughlin v. State*, 378 S.W.3d 328, 354 (Mo. banc 2012)).

not clearly err in denying this claim because Movant failed to plead facts not refuted by the record demonstrating an actual conflict.

■■■■■ To prevail on a claim of ineffective assistance of counsel based on a conflict of interest, a movant must show that an actual conflict of interest adversely affected counsel's performance. *Conger v. State*, 356 S.W.3d 217, 221 (Mo.App.E.D. 2011) (quotation omitted) (holding that the movant failed to establish that plea counsel coerced him to plead guilty to avoid taking the case to trial). "In order to prove a conflict of interest, something must have been done by counsel or something must have been foregone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." *Id.*(quoting *Dobbs v. State*, 284 S.W.3d 201, 205 (Mo.App. S.D.2009)). "[T]he mere existence of a possible conflict of interest does not automatically preclude effective representation." *Conger v. State*, 398 S.W.3d 915, 919 (Mo.App.E.D.2013) (quoting *Helmig v. State*, 42 S.W.3d 658, 680 (Mo.App.E.D.2001)). Furthermore, "[a] defendant's failure or inability to pay legal fees does not automatically give rise to a conflict of interest." *Id.*

In a pretrial conference on the day of trial, Movant moved to terminate counsel claiming, among other things, a conflict of interest. Movant alleged, "There's been no witnesses deposed that I've asked. There's been no motions filed that I've asked.... I've had to file them myself." He further stated:

> I've also asked for witnesses on my behalf to be subpoenaed and refused and, frankly, I'm just told no or I can't afford that, that costs money, when these attorneys took this case on for no cost, for whatever reason that might be, and it's impossible for me to get a fair trial in

the sense that we are not prepared for a trial, your Honor.

After the trial court denied Movant's motion to discharge counsel as untimely and also denied his motion for a continuance, this exchange followed:

[MOVANT]: I need witnesses deposed. I need the tellers deposed, the victims deposed, the police officers and the detectives deposed. I've asked for this numerous times and they just say, no, I'm not going to do it.

[COURT]: Counsel?

[TRIAL COUNSEL]: Judge, we haven't deposed witnesses because we didn't feel it was appropriate as far as our strategy in the case. We have a very narrowly defined strategy, and we didn't think we had any advantage ... based on deposing those witnesses.

[COURT]: So you considered that as part of your trial strategy?

[TRIAL COUNSEL]: Absolutely.

[MOVANT]: I have a letter here stating that [trial counsel] didn't want to depose witnesses because of costs.

[TRIAL COUNSEL]: That's inappropriate, Judge. You can read the letter for yourself, I stand by it, that it is not my responsibility to pay for his depositions, but regardless of the costs, strategically, we didn't think it was of value.

[MOVANT]: Your Honor, this gentleman, in a meeting on July 8th, 2010, during a visit to the jail, after we discussed deposing these witnesses and strategies that I would like employ in this case told me that I was going to go to prison for the rest of my life and he would make sure of it. This is my own counsel telling me that?

[COURT]: Counsel?

[TRIAL COUNSEL]: That's a lie. I never told him that.

After the trial court announced Movant's sentence, it questioned him about the effectiveness of counsel. When the trial court asked Movant whether counsel "did everything [he] asked them to do?," Movant restated his complaint that counsel refused to file motions on his behalf and subpoena and depose witnesses, specifically the police officers and bank tellers. In response to Movant's assertion that he was dissatisfied with counsels' representation, the trial court stated: "Well, I observed your attorneys during the trial and observed them, of course, everything that happened before the trial, and I thought they did an excellent job for you. You may disagree with that, but that's my opinion." The trial court found: "[T]aking into consideration all the comments of the defendant concerning the performance of his attorneys ... the Court now finds no probable cause of ineffective assistance of counsel exists."

Movant alleged in his Rule 29.15 motion that trial counsel "offered to represent Movant for free because Movant's case had a high profile in the media" but this arrangement "created a divergence of interests." More specifically, Movant averred that "counsel did not want to work on the case because they were not being paid" and counsel "tried very hard to convince him to plead guilty ... not because it was the best thing for him, but because this outcome would limit the amount of free work they would provide to him." Movant alleged that "there was actual prejudice" because "counsel did not file any substantive motions and no depositions or other normal pretrial investigation was undertaken in this case."

In its findings of facts and conclusions of law, the motion court found that trial counsels' failure to depose witnesses did not prejudice Movant and Movant had failed to "allege in what way he was prejudiced in this regard." The motion court explained:

Depositions are not required to be taken by trial counsel in any criminal case. In Movant's case, he had confessed his guilt to police, had pleaded guilty to the same crimes in Federal Court prior to the State Court trial, was caught on video tape committing each of the robberies charged, and was arrested shortly after the final robbery in possession of the stolen money. No motions to suppress, depositions, or additional pre-trial investigation would have aided Movant or changed the outcome in State Court. This Court finds that based on the evidence adduced at trial, any motion to suppress identification, statements or physical evidence were without merit and would have been denied by the trial court.

■■■■ Based on our review, we conclude that the record refutes Movant's claim that trial counsel either did or failed to do something that "was detrimental to the interests of defendant and advantageous to another." *See Conger*, 398 S.W.3d at 919. In regard to Movant's contention that trial counsel were ineffective in failing to depose the State's witnesses, trial counsel stated that it was not "appropriate as far as our strategy in the case," which was to argue that Movant did not commit first-degree robbery because he did not threaten the use of a deadly weapon. Furthermore, Movant failed to specify in what way counsels' failure to depose witnesses allegedly prejudiced the defense. Conclusory allegations of prejudice do not establish ineffective assistance of counsel. *See, e.g., Curtis v. State*, 759 S.W.2d 860, 862 (Mo.App.E.D.1988).

As to Movant's claim that trial counsel were ineffective in failing to file motions, this court previously held that the motion court did not clearly err in denying with-

out an evidentiary hearing Movant's claim that counsel were ineffective in failing to file motions to dismiss based on violations of his right to a speedy trial and right to be free from double jeopardy. Movant neither identifies other motions that trial counsel should have filed nor explains how additional motions would have benefited his case. As previously stated, "[w]e will not convict trial counsel of ineffective assistance for failing to do that which would have been a futile act." *Mason v. State*, 189 S.W.3d 708, 710 (Mo.App.W.D.2006) (quotation omitted). Point denied.

### Conclusion

The judgment of the motion court is affirmed.

LISA S. VAN AMBURG, P.J., and GARY M. GAERTNER, JR., J., concur.