In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

THOMAS A. EDWARDS, ) No. ED109467
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
vs. )
 ) Honorable Paula P. Bryant
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: December 14, 2021

 Thomas A. Edwards (“Movant”) appeals from the motion court’s judgment denying his

Rule 29.151 amended motion for post-conviction relief. According to Movant, the motion court

clearly erred because his appellate counsel was ineffective in failing to argue on appeal that

Movant’s right to a speedy trial had been violated. The judgment is affirmed.

 Background

 A jury found Movant guilty of second-degree murder and armed criminal action, and the

trial court sentenced him to concurrent sentences of life and ten years’ imprisonment, respectively.

This Court affirmed Movant’s convictions and sentences in State v. Edwards, 530 S.W.3d 593

(Mo. App. E.D. 2017).

1
 All rule references are to the Missouri Supreme Court Rules (2017).
 Movant filed a pro se motion for post-conviction relief under Rule 29.15, and the motion

court appointed counsel to represent him. Movant timely filed an amended motion alleging his

trial counsel was ineffective in failing to call Henry Williams as a witness. The motion court

granted Movant an evidentiary hearing as to that claim, but ultimately denied relief, and Movant

does not challenge the motion court’s denial of that claim. Movant’s amended motion also alleged

his appellate counsel was ineffective in failing to argue on direct appeal that the trial court erred

in not dismissing the charges because his right to a speedy trial had been violated. The motion

court denied that claim without an evidentiary hearing, concluding there was not a “reasonable

likelihood the Court of Appeals would have reversed Movant’s convictions had [the] claim been

raised.” This appeal follows.

 Standard of Review

 Appellate review of a motion court’s denial of post-conviction relief is limited to a

determination of “whether the motion court’s findings of fact and conclusions of law are clearly

erroneous.” Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009); Rule 29.15(k). Findings and

conclusions are clearly erroneous if, after reviewing the entire record, “there is a ‘definite and firm

impression that a mistake has been made.’” Forrest, 290 S.W.3d at 708 (quoting Goodwin v. State,

191 S.W.3d 20, 26 (Mo. banc 2006)). The movant bears the burden of proving all allegations by

a preponderance of the evidence. Meiners v. State, 540 S.W.3d 832, 836 (Mo. banc 2018).

 To be entitled to an evidentiary hearing, a movant must: “(1) allege facts, not conclusions,

warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise

allegations that resulted in prejudice.” Johnson v. State, 406 S.W.3d 892, 898 (Mo. banc 2013).

Under Rule 29.15, an evidentiary hearing “shall not be held” in circumstances where “the motion

 2
and the files and records of the case conclusively show that the movant is entitled to no relief.”

Rule 29.15(h).

 Discussion

 In his sole point on appeal, Movant contends the motion court clearly erred in denying his

amended motion because his appellate counsel was ineffective in failing to argue on appeal that

his right to a speedy trial had been violated. We disagree.

 To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1)

counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney

would have exercised in a similar situation; and (2) prejudice resulted. Strickland v. Washington,

466 U.S. 668, 687 (1984). Prejudice exists when “there is a reasonable probability that, but for

counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at

694. If a movant fails to satisfy either the performance prong or the prejudice prong of the

Strickland test, his or her claim fails, and it is not necessary for a reviewing court to address the

other prong. Bradley v. State, 292 S.W.3d 561, 565 (Mo. App. E.D. 2009).

 “The standard for reviewing a claim of ineffective assistance of appellate counsel is

essentially the same as that employed with trial counsel.” Hosier v. State, 593 S.W.3d 75, 87 (Mo.

banc 2019) (quoting Storey v. State, 175 S.W.3d 116, 148 (Mo. banc 2005)). “The error

overlooked on appeal must have been ‘so obvious that a competent and effective lawyer would

have recognized and asserted it.’” Meiners, 540 S.W.3d at 836 (quoting Williams v. State, 168

S.W.3d 433, 444 (Mo. banc 2005)). To establish prejudice, a movant must show a reasonable

probability that the outcome of the direct appeal would have been different had the issue been

raised. See Hosier, 593 S.W.3d at 87.

 3
 “The right to a speedy trial guarantees to a criminal defendant that the State will move fast

enough to assure the defendant of the early and proper disposition of the charges against him.”

Giammanco v. State, 416 S.W.3d 833, 839 (Mo. App. E.D. 2013) (quoting State v. Bell, 66 S.W.3d

157, 164 (Mo. App. S.D. 2001)). “Deprivation of the right to a speedy trial is not considered per

se prejudicial to a defendant.” Id. When considering whether a defendant has been deprived of

the right to speedy trial, we consider four factors set forth by the United States Supreme Court in

Barker v. Wingo, 407 U.S. 514 (1972): “(1) length of the delay; (2) reason for the delay; (3)

defendant’s assertion of his right to a speedy trial; and (4) prejudice to the defendant.”

Giammanco, 416 S.W.3d at 839. Courts use these factors to “engage in a difficult and sensitive

balancing process,” and a finding of any one of the four factors is neither necessary nor sufficient

to find a deprivation of the right to a speedy trial. Barker, 407 U.S. at 533.

 Length of the Delay

 The first factor to be considered, the length of the delay, “is a triggering mechanism” that

serves as a prerequisite before any inquiry into the remaining factors. State v. Sisco, 458 S.W.3d

304, 313 (Mo. banc 2015). Missouri courts hold a delay greater than eight months is

“presumptively prejudicial.” Id. (quoting State ex rel. McKee v. Riley, 240 S.W.3d 720, 729 (Mo.

banc 2007)). “The delay in bringing a defendant to trial is measured from the time of a formal

indictment or information or when actual restraints are imposed by an arrest.” Id. Thus, “[t]he

delay in bringing a defendant to trial is measured from the time of arrest, not from the time that

the right is first asserted.” State v. McKay, 411 S.W.3d 295, 303 (Mo. App. E.D. 2013).

 Here, Movant was arrested on May 8, 2013, and his trial did not begin until September 14,

2015. Both parties agree the delay is presumptively prejudicial because it exceeded eight months.

Accordingly, we proceed to analyze the three remaining factors.

 4
 Reason for the Delay

 The second factor we consider is the reason for the delay. Sisco, 458 S.W.3d at 313. The

Barker Court’s analysis of this factor provides guidance:

 A deliberate attempt to delay the trial in order to hamper the defense should be
 weighted heavily against the government. A more neutral reason such as
 negligence or overcrowded courts should be weighted less heavily but nevertheless
 should be considered since the ultimate responsibility for such circumstance must
 rest with the government rather than with the defendant. Finally, a valid reason,
 such as a missing witness, should serve to justify appropriate delay.

Barker, 407 U.S. at 531; Sisco, 458 S.W.3d at 313-14. While “delays attributable to the defendant

weigh heavily against the defendant,” delays that are jointly requested by the parties are neutral

factors in the analysis. Sisco, 458 S.W.3d at 314 (quoting State v. Greenlee, 327 S.W.3d 602, 612

(Mo. App. E.D. 2010)); State v. Vickers, 560 S.W.3d 3, 16 (Mo. App. W.D. 2018).

 Here, the total delay between Movant’s arrest and the commencement of his trial was 859

days. Among these delays, a continuance of 49 days granted at the request of the State was justified

due to the unavailability of a witness. See Sisco, 458 S.W.3d at 313-14. The delays caused by two

additional continuances totaling 140 days were neutral because the continuances were jointly

requested by the State and Movant. See Vickers, 560 S.W.3d at 16. Therefore, these three

continuances, which resulted in 189 days of the delay, were caused by either justified or neutral

reasons, and do not weigh in favor of or against either party. See id.; Sisco, 458 S.W.3d at 314.

 After Movant’s arrest, he was indicted and the case was transferred to another division of

the court. On August 28, 2013, the newly assigned judge continued the case and set the initial trial

date of October 28, 2013. Although the State is ultimately responsible for these initial procedural

delays of 173 days, they were for “more neutral” reasons and are “weighted less heavily” against

the State. See Sisco, 458 S.W.3d at 313-14.

 5
 The State was later granted a 42-day continuance of the trial date from February 10, 2014

to March 24, 2014 due to a scheduling conflict with the prosecutor. Then, the trial court granted

the State a 64-day continuance from November 17, 2014 to January 20, 2015 because the

prosecutor had laryngitis. Because these delays were not deliberate attempts by the State to hamper

the defense, the reasons for the delays were “more neutral” and, although they weigh against the

State, they do not do so heavily. See id.

 In January 2015, the trial court granted the State another continuance and rescheduled the

trial for March 2, 2015, which caused a delay of 41 days. The trial court’s order did not indicate

the reason for the continuance and simply noted that the State requested it over Movant’s objection.

It is Movant’s burden to prove the motion court clearly erred. Meiners, 540 S.W.3d at 836.

Movant has provided nothing to show this delay was intended to hamper the defense. See Sisco,

458 S.W.3d at 313-14. Therefore, although this delay weighs against the State, it is “weighted less

heavily.” Id.

 In May 2015, the State requested a final continuance of 42 days because the prosecutor had

a previously scheduled vacation. Movant has not shown this delay was intended to hamper the

defense. This delay weighs against the State, but not heavily. See Sisco, 458 S.W.3d at 313-14.

 On June 23, 2015, both parties stipulated that the case was ready for trial, and the trial court

scheduled the trial for September 14, 2015. Although this delay of 56 days is ultimately

attributable to the State, it is “weighted less heavily” as it was primarily the result of overcrowded

courts. See Barker, 407 U.S. at 531; Sisco, 458 S.W.3d at 313-14.

 In total, 418 days of delay are attributable to the State, but none of those delays were the

result of any “deliberate attempt to delay the proceedings in order to hamper the defense.” Barker,

 6
407 U.S. at 531; Sisco, 458 S.W.3d at 313-14. Therefore, while those delays are all attributable to

the State, they do not weigh heavily. See id.

 Movant bears responsibility for the remaining five continuances. Three of those

continuances, which totaled 154 days, were for the purpose of obtaining additional discovery. The

trial court continued the case on two additional occasions, resulting in 98 days of delay, because

Movant’s trial counsel had scheduling conflicts. All of these 252 days of delay are fully

attributable to Movant and weigh heavily against him. See Sisco, 458 S.W.3d at 314.

 In sum, 189 days of the delay were either justified or neutral, 418 days of delay were

attributable to the State and 252 days of delay were attributable to Movant. Of the 418 days of

delay attributable the State, 173 of those days were largely attributable to the trial court’s docket,

and, together with the remaining 245 days, are “weighted less heavily” because they were not the

result of a deliberate attempt to delay the proceedings. Sisco, 458 S.W.3d at 313-14. The delays

that weigh most heavily are attributable to Movant. Accordingly, this factor weighs in favor of

the State.

 Assertion of the Right to a Speedy Trial

 The third factor is the defendant’s assertion of the right to a speedy trial. Sisco, 458 S.W.3d

at 316. Although there is no bright line rule as to when a defendant must assert the right to a

speedy trial, we consider “the timeliness of the assertion and the frequency and force of a

defendant’s objections.” Id. Movant first asserted his right to a speedy trial on November 17,

2014, when he objected to the State’s motion for continuance. He filed a motion to dismiss on

January 20, 2015 alleging his right to a speedy trial had been violated and, the following day, he

objected to the State’s request for a continuance. He filed another motion to dismiss based on the

speedy trial issue on September 14, 2015. While Movant waited more than 18 months after he

 7
was arrested to assert his right to a speedy trial, that delay is not dispositive. See Sisco, 458 S.W.3d

at 316-17 (weighing this factor in favor of the defendant despite the fact that he waited 20 months

after arrest to assert his speedy trial right). Accordingly, this factor weighs in favor of Movant.

 Prejudice to the Defendant

 The fourth and most important factor is prejudice to the defendant. State v. Howell, 628

S.W.3d 750, 759 (Mo. App. E.D. 2021). “We evaluate whether the delay caused a defendant actual

prejudice in light of three concerns: (1) the oppressiveness of pretrial incarceration, (2) whether

the delay unduly heightened the defendant’s anxiety, and (3) the impairment of the defendant’s

defense.” Id. “The final concern is the most serious.” Id. “Any prejudice from the delay must be

actual and apparent, or at least inferable, from the record, rather than merely speculative.” Id.

 In his amended motion, Movant alleged the delay had prejudiced him in three ways. We

conclude, however, that all of Movant’s allegations of prejudice are without merit. Movant first

claimed he “was prejudiced by the delay in his being brought to trial because he was forced to

spend ‘dead time’ in jail.” The motion court found “no reasonable likelihood the Court of Appeals

would have reversed Movant’s convictions had this claim been raised” because Movant failed to

“allege that the conditions of his detention were unusually oppressive or that he suffered from any

extraordinary anxiety or concerns beyond those that are inherent in the nature of incarceration.” It

is Movant’s burden to present evidence of actual and particularized prejudice. See State v. Smith,

491 S.W.3d 286, 308 (Mo. App. E.D. 2016). Bare allegations of the sort Movant made are

insufficient to show prejudice. See Sisco, 458 S.W.3d at 317. In his brief, Movant alleges he was

prejudiced because he had been “incarcerated for a long period of time in administrative

segregation, with no access to phone calls, mail, or social visits.” Movant, however, did not

include those allegations in his amended motion. “A ground for relief not pled in a motion for

 8
post-conviction relief is waived and cannot be raised on appeal.” Cofield v. State, 23 S.W.3d 242,

247 (Mo. banc 2000).

 Movant also claimed he had been prejudiced by the delay because it impaired his defense

by causing his defense team to lose contact with his “alibi witness,” Henry Williams. The State

argues that Movant’s appellate counsel cannot be held ineffective for not raising this claim because

it was not preserved for appellate review. As a general rule, appellate counsel “cannot be deemed

ineffective for failing to raise an unpreserved claim of error on appeal.” Rutlin v. State, 435 S.W.3d

126, 134 (Mo. App. E.D. 2014). There is no dispute that Movant made multiple objections to

continuances and filed motions to dismiss on speedy trial grounds, but those objections and

motions did not allege the delay had prejudiced Movant by causing him to lose contact with Mr.

Williams. “[O]nly those objections or grounds of objection which were urged in the trial court,

without change and without addition, will be considered on appeal.” State v. Davis, 348 S.W.3d

768, 770 (Mo. banc 2011) (quoting State v. Thomas, 969 S.W.2d 354, 355 (Mo. App. W.D. 1998)).

In other words, “[a] point on appeal must be based upon the same theory voiced in the objection

at trial and an appellant cannot expand or change on appeal the objection as made.” State v. Barnes,

583 S.W.3d 458, 462 (Mo. App. S.D. 2019) (quoting State v. Goins, 306 S.W.3d 639, 647 (Mo.

App. S.D. 2010)). Because Movant did not assert to the trial court that the delay had caused him

to lose contact with Mr. Williams, that theory of prejudice was not preserved, and appellate counsel

was not ineffective in not raising it on appeal. See Rutlin, 435 S.W.3d at 134.

 But even if that argument had been preserved, Movant failed to show the outcome would

have been different had his appellate counsel asserted that claim on appeal. See Hosier, 593

S.W.3d at 87. Movant’s amended motion alleged a defense investigator had talked to Mr. Williams

in August 2013 and that his defense team unsuccessfully attempted to contact him again in October

 9
2013, November 2013, January 2014 and October 2014. Tellingly, Movant was unable to produce

Mr. Williams to testify at the evidentiary hearing in this case, which indicates it is unlikely the

defense would have been able produce him at trial even if it had been held earlier. See Smith, 491

S.W.3d at 308; see also State v. Weeks, 982 S.W.2d 825, 836 (Mo. App. S.D. 1998). Further, the

record indicates that Mr. Williams’s testimony would have done little to help Movant’s defense

because, although Movant describes Mr. Williams as an “alibi witness,” the amended motion

acknowledged that Mr. Williams “was not sure” if the day he was with Movant was the day of the

shooting. Movant failed to satisfy his burden of proving actual rather than speculative prejudice

as it related to the impairment of his defense. See Smith, 491 S.W.3d at 308.

 Movant’s third claim of prejudice was that his defense had been impaired because the delay

allowed the State to collect more evidence against him. Specifically, Movant alleged that, after

March 16, 2014, the State acquired cell phone records relating to both Movant’s phone and the

deceased victim’s phone. According to Movant, without that evidence, the State would not have

been able to prove his contact with the victim in the moments before the shooting.

 In Barker, the United States Supreme Court explained that “impairment of defense” reflects

“the inability of a defendant adequately to prepare his case,” such as when “witnesses die or

disappear during a delay” or when “defense witnesses are unable to recall accurately events of the

distant past.” Barker, 407 U.S. at 532. The Southern District analyzed this issue in State v. Simino,

397 S.W.3d 11, 22 (Mo. App. S.D. 2013), abrogated on other grounds by Sisco, 458 S.W.3d at

311. In that case, the defendant alleged the delay impaired his defense because it allowed the State

to procure additional witnesses. Id. The court rejected that argument, noting the defendant had

not alleged “that witnesses disappeared, evidence was lost, or witnesses were unable to recall

events due to [the delay].” Id. at 23. Here, the fact that the delay allowed the State to collect

 10
additional evidence did not constitute an impairment of Movant’s defense that affected his ability

to adequately prepare his case. See Barker, 407 U.S. at 532.

 All three of Movant’s allegations of prejudice are without merit. This factor weighs heavily

in favor of the State. See State v. Bolden, 558 S.W.3d 513, 523 (Mo. App. E.D. 2016).

 Balancing of the Factors

 After balancing the Barker factors, we conclude Movant’s right to a speedy trial was not

violated. See Sisco, 458 S.W.3d at 318-19. Although the total length of delay was presumptively

prejudicial, that presumption is overcome when the remaining factors are considered. While the

factor regarding Movant’s assertion of his right to a speedy trial weighs in his favor, the two

remaining factors weigh in favor of the State, including the most important factor of prejudice.

“Failing to raise a nonmeritorious claim on appeal does not constitute ineffective assistance.”

Hosier, 593 S.W.3d at 87. The motion court did not clearly err in denying this claim.

 Conclusion

 The motion, files and record of the case conclusively show that Movant is not entitled to

relief. The judgment is affirmed.

 ___________________________________
 MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.

 11