

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| LEROY W. COLEMAN, JR., | ) | No. ED109394 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable David L. Vincent III |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 15, 2022 |

Leroy W. Coleman, Jr. ("Movant") appeals from the motion court's judgment denying his Rule 29.15[1] amended motion for post-conviction relief without an evidentiary hearing. According to Movant, the motion court clearly erred because his trial counsel was ineffective (1) in failing to seek dismissal of the charges on the basis that Movant's right to a speedy trial had been violated; (2) in improperly advising Movant regarding the State's burden of proof, which resulted in Movant's decision to not testify; and (3) in failing to investigate and call three witnesses at trial. The judgment is affirmed.

### Factual and Procedural Background

On February 21, 2016, after carjacking a Mercedes in Sauget, Illinois, Movant, Tony Bailey, Jerrod Corley and John Stith drove the vehicle to a bar in St. Louis. Cornelius Stallings was at the bar that evening, accompanied by his girlfriend, Emma Wallace, and by Earl Henderson

---

[1] All rule references are to the Missouri Supreme Court Rules (2017).

and Marinda Feagin. Around 1:30 a.m., Stallings and his companions left the bar, and Stallings drove them in his vehicle. Wallace sat in the front passenger seat, and Henderson and Feagin were in the backseat.

Movant, who believed that Stallings had been involved in the death of his cousin, left the bar around the same time with Corley, Bailey and Stith. Corley drove them in the carjacked Mercedes. As they were traveling on Interstate 270, Movant saw Stallings's vehicle and said something to the effect of "there go the dude that had something to do with [my cousin] getting killed." Movant then said to Bailey, "[Y]ou know what time it is[?]," and Bailey responded "[Y]eah." Corley pulled the Mercedes alongside Stallings's vehicle, and Bailey fired shots at it. Wallace was killed, and Stallings, Henderson and Feagin were injured. At trial, Stallings testified that Movant also shot at his vehicle. Bailey, who testified on behalf of the State, admitted that he and Stith shot at the vehicle but denied that Movant had also fired shots, although he acknowledged he was not watching Movant during the shooting.

The jury convicted Movant of one count of first-degree murder, three counts of first-degree assault, one count of unlawful use of a weapon and five counts of armed criminal action. The trial court sentenced him to life in prison without parole for first-degree murder and consecutive terms of 20 and 15 years for the various remaining counts. This Court affirmed Movant's convictions and sentences on direct appeal. *See State v. Coleman*, 580 S.W.3d 11 (Mo. App. E.D. 2019).

Movant sought post-conviction relief under Rule 29.15. Appointed counsel filed an amended motion, which the motion court denied without an evidentiary hearing. This appeal follows.

2

**Standard of Review**

Appellate review of a motion court's denial of post-conviction relief is limited to a determination of "whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009); Rule 29.15(k).  Findings and conclusions are clearly erroneous if, after reviewing the entire record, "there is 'a definite and firm impression that a mistake has been made.'" *Forrest*, 290 S.W.3d at 708 (quoting *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006)).  The movant bears the burden of proving all allegations by a preponderance of the evidence. *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018).

To be entitled to an evidentiary hearing, a movant must: "(1) allege facts, not conclusions, warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise allegations that resulted in prejudice." *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013).  Rule 29.15(h) mandates that an evidentiary hearing "shall not be held" in circumstances where "the motion and the files and records of the case conclusively show that the movant is entitled to no relief."

**Discussion**

"A movant bears a heavy burden when attempting to show that counsel was ineffective." *Giammanco v. State*, 416 S.W.3d 833, 839 (Mo. App. E.D. 2013).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that: (1) counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would have exercised in a similar situation; and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a general matter, prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  If a movant fails to satisfy either the performance prong or the prejudice prong of the *Strickland* test,

his or her claim fails, and it is not necessary for a reviewing court to address the other prong. *Bradley v. State*, 292 S.W.3d 561, 565 (Mo. App. E.D. 2009).

## I. Right to a Speedy Trial

In his first point on appeal, Movant contends the motion court clearly erred in denying his amended motion because his trial counsel was ineffective in failing to move to dismiss the claims against him on the basis that his right to a speedy trial had been violated. We disagree.

"The right to a speedy trial guarantees to a criminal defendant that the State will move fast enough to assure the defendant of the early and proper disposition of the charges against him." *Giammanco*, 416 S.W.3d at 839 (quoting *State v. Bell*, 66 S.W.3d 157, 164 (Mo. App. S.D. 2001)). "Deprivation of the right to a speedy trial is not considered *per se* prejudicial to a defendant." *Id.* When considering whether a defendant has been deprived of his or her right to speedy trial, we consider four factors set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) length of the delay; (2) reason for the delay; (3) defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant." *Giammanco*, 416 S.W.3d at 839. Courts use these factors to "engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533. A finding of any one of the four factors is neither necessary nor sufficient to find a deprivation of the right to a speedy trial. *Id.*

### Length of the Delay

The first factor, the length of the delay, "is a triggering mechanism." *State v. Sisco*, 458 S.W.3d 304, 313 (Mo. banc 2015). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors." *Barker*, 407 U.S. at 530. Missouri courts have held that a delay greater than eight months is "presumptively prejudicial." *Sisco*, 458 S.W.3d at 313 (quoting *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 729 (Mo. banc 2007)). "The delay in bringing a defendant to trial is measured from the time of a formal indictment or information or

when actual restraints are imposed by an arrest." *Id.* The fact that the delay is presumptively prejudicial does not raise a presumption of prejudice under the fourth *Barker* factor. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *State v. Atchison*, 258 S.W.3d 914, 919 (Mo. App. S.D. 2008). Instead, "it simply marks the point at which courts deem the delay unreasonable enough to trigger" inquiry into the remaining factors. *Doggett*, 505 U.S. at 652 n.1.

Here, the parties agree the delay is presumptively prejudicial because Movant's trial began 19 months after he was arrested. Accordingly, we proceed to analyze the remaining factors.

*Reason for the Delay*

The *Barker* Court explained how the circumstances of a case affect the analysis of the second factor, the reason for the delay:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531 (footnote omitted); *Sisco*, 458 S.W.3d at 313-14. While "delays attributable to the defendant weigh heavily against the defendant," delays that are jointly requested by the parties are neutral factors in the analysis. *Sisco*, 458 S.W.3d at 314 (quoting *State v. Greenlee*, 327 S.W.3d 602, 612 (Mo. App. E.D. 2010)); *see also State v. Vickers*, 560 S.W.3d 3, 16 (Mo. App. W.D. 2018).

Movant did not allege that any of the delay was caused by a deliberate effort by the State to hamper his defense. He conceded in his amended motion that he was responsible for two continuances that resulted in 179 days of delay. Those delays weigh heavily against Movant. *See Sisco*, 458 S.W.3d at 314. The remaining 405 days of delay, which were either clearly attributable

5

to the State or were caused by "unexplained or neutral reasons," weigh against the State, but not heavily. *See id.* Overall, this factor weighs in Movant's favor.

*Assertion of the Right to a Speedy Trial*

The third factor is the defendant's assertion of the right to a speedy trial. Although there is no bright-line rule as to when a defendant must assert the right to a speedy trial, we consider "the timeliness of the assertion and the frequency and force of a defendant's objections." *Id.* at 316. Here, Movant asserted his speedy trial right early and often. This factor weighs in Movant's favor.

*Prejudice to the Defendant*

The fourth and most important factor is prejudice to the defendant. *State v. Howell*, 628 S.W.3d 750, 759 (Mo. App. E.D. 2021). We analyze this factor in light of three concerns: "(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *Sisco*, 458 S.W.3d at 317 (quoting *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 912 (Mo. banc 2010)). The final consideration is the most serious. *Id.* "Any prejudice from the delay must be actual and apparent, or at least inferable, from the record, rather than merely speculative." *Howell*, 628 S.W.3d at 759.

In his amended motion, Movant alleged three forms of prejudice. First, Movant claimed he was prejudiced by the delay because "he suffered from oppressive pretrial incarceration and excessive anxiety and concern." Movant failed, however, to plead any facts showing how his incarceration was oppressive, and "anxiety alone does not establish prejudice absent the showing of specific instances that weighed heavily on the defendant." *Greenlee*, 327 S.W.3d at 613.

6

Because Movant's vague allegations failed to show prejudice, this argument fails. *See Howell*, 628 S.W.3d at 759.

Movant also claimed he was prejudiced by the delay because Stallings was unable to recall certain events and could not remember some of his previous statements and deposition testimony. This allegation failed to show prejudice because Movant did not indicate how any of Stallings's memory lapses harmed his case. *See id.*

Finally, Movant claimed he was prejudiced by the delay because a potential defense witness, Tyrin Williams, died while Movant was awaiting trial. The amended motion alleged that, had the trial not been delayed, Williams "could have testified that Tony Bailey accepted responsibility for the shooting and admitted that the shooting was his idea alone." The amended motion, however, did not include the date on which Williams died, and Movant did not plead facts indicating that he would have been prepared for trial before Williams's death. Again, 179 days of the delay in this case were attributable to Movant. His claim that Williams "could have testified" before his death was therefore speculative and failed to show Movant was prejudiced. *See id.*

In sum, Movant's allegations of prejudice are without merit. This factor weighs heavily in favor of the State. *See State v. Bolden*, 558 S.W.3d 513, 523 (Mo. App. E.D. 2016).

*Balancing of the Factors*

After balancing the *Barker* factors, we conclude Movant's right to a speedy trial was not violated. *See Sisco*, 458 S.W.3d at 319. Although the first three factors weigh in his favor, the fourth and most important factor weighs heavily in favor of the State. *See Bolden*, 558 S.W.3d at 523 (holding that the defendant's speedy trial right was not violated after weighing the first three factors in his favor and the fourth heavily in favor of the State). The motion court did not clearly err in denying this claim. Point I is denied.

7

## II. Advice Regarding the State's Burden of Proof

In his second point, Movant alleges the motion court clearly erred in denying his claim that his trial counsel was ineffective in "failing to properly advise him as to the State's burden of proof." In his amended motion, Movant claimed his trial counsel unreasonably advised him that the State could not prove that Movant instructed Bailey to shoot at the victims. Movant asserted this advice rendered his decision to not testify involuntary and unknowing. According to Movant, had he testified, "the jury would have had the opportunity to evaluate his testimony and credibility in relation to that of the State's witnesses," and there is a reasonable probability the outcome of his trial would have been different. We disagree.

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strong v. State*, 263 S.W.3d 636, 647 (Mo. banc 2008) (quoting *Strickland*, 466 U.S. at 697). "Mere conclusory speculations of prejudice by Movant are not considered substantive evidence of counsel's ineffectiveness." *Payne v. State*, 509 S.W.3d 830, 839-40 (quoting *Woods v. State*, 458 S.W.3d 352, 360 (Mo. App. W.D. 2014)).

The Western District rejected a nearly identical claim of prejudice in *Payne*. In that case, the movant claimed his decision to waive his right to testify was based on his attorney's unreasonable advice. *Id*. at 838. The movant asserted that, if he had testified, there was a reasonable probability that the outcome of his trial would have been different because "the jury would have been able to assess his credibility and could have come down on the other side of this 'close case.'" *Id*. at 839. The *Payne* court characterized the movant's claim of prejudice as "nothing more than speculation" because it did not show why the jury would have found the movant more credible than the State's witness. *Id*.

Here, the allegation of prejudice contained in Movant's amended motion is also pure speculation; it does not demonstrate any reason why the jury would have found Movant more credible than the State's witnesses. *See id.* Because Movant's amended motion did not plead facts showing prejudice, the motion court did not clearly err in denying this claim. *See id.* Point II is denied.

## III. Failure to Call Witnesses

In his final point, Movant asserts the motion court clearly erred in denying his amended motion because his trial counsel was ineffective in failing to investigate and call Amber Easter, Terry Grimes and John Stith as witnesses at trial. We disagree.

To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel for failure to call a witness, a movant must allege unrefuted facts establishing: "(1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *McFadden v. State*, 553 S.W.3d 289, 305 (Mo. banc 2018). Trial counsel's decision to not call a witness "is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless [a movant] clearly establishes otherwise." *Weinhaus v. State*, 501 S.W.3d 523, 528 (Mo. App. E.D. 2016) (quoting *McIntosh v. State*, 413 S.W.3d 320, 328 (Mo. banc 2013)).

"The failure to offer testimony that would have only impeached the testimony of a State's witness does not warrant relief for ineffective assistance of counsel." *Id.* "Rather, 'when the testimony of the witness would *also* negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense.'" *Id.* (quoting *Whited v. State*, 196 S.W.3d 79, 82 (Mo. App. E.D. 2006)).

9

In his amended motion, Movant alleged the first witness, Amber Easter, would have provided Movant with an alibi to the Illinois carjacking that preceded the shooting. Movant, however, was not on trial for his involvement in the carjacking; the evidence relating to it was used by the State to connect Movant and the stolen vehicle to the shooting that occurred later that evening. Easter's proposed testimony would only have had the effect of impeaching Bailey's testimony that Movant was involved in the carjacking and would not have provided a viable defense to one of the crimes of which Movant was convicted. *See id.* Accordingly, Movant's allegation with regard to Easter is without merit.

Movant also alleged that his trial counsel was ineffective in failing to call Terry Grimes as a witness. According to Movant, Grimes would have testified that Bailey admitted to shooting Stallings and killing Wallace and tried to sell Grimes the firearm. This proposed testimony was consistent with Bailey's testimony at trial and would not have negated Movant's guilt. Because Grimes's proposed testimony would not have provided a viable defense, this claim fails. *See McFadden*, 553 S.W.3d at 305.

Finally, Movant alleged that John Stith would have testified that he was present at the time of the shooting but "did not fire a firearm, let alone a .40 caliber firearm, from the vehicle in which he was a passenger." Movant argues this testimony "would have rebutted Bailey's testimony that Stith also had a firearm and shot at Stallings." Stith's proposed testimony, however, would not have negated any element of the crimes of which Movant was convicted and could only have served to impeach Bailey's testimony that Stith was also a shooter. *See Weinhaus*, 501 S.W.3d at 528. Movant's claim with regard to Stith has no merit. Point III is denied.

## Conclusion

The motion, files and record of the case conclusively show that Movant is not entitled to relief. *See* Rule 29.15(h). The motion court did not clearly err in denying Movant's amended motion without an evidentiary hearing. The judgment is affirmed.

_____
MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.